IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUL 27  A 9: 32

| | |
|---|---|
| Joseph G. Ward, Jr., #98556-071, | ) C. A. No. 2:04-0792-RBH-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| -versus- | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Beaufort County Detention Center; | ) |
| Jail Administrator Fitzgibbons; | ) |
| John Doe One (Fire Alarm Sound | ) |
| Device Manufacturer); John Doe Two | ) |
| (Computer System/Fire Alarm System | ) |
| Installation Contractor); and John | ) |
| Doe Three (Jail Doctor), | ) |
| | ) |
| Defendants. | ) |

This civil rights action brought pursuant to 42 U.S.C. §
1983[1] by Joseph G. Ward, Jr., a federal prisoner, proceeding pro
se and in forma pauperis, is before the undersigned United States
Magistrate Judge for a report and recommendation on the
defendants' motions for summary judgment.  28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of
rights reads in relevant portion:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

On March 31, 2004, Ward sued the Beaufort County Detention Center (BCDC) alleging that his hearing was injured when he was repeatedly exposed to loud noises from the testing of a new fire alarm system during his stay there as a pretrial detainee in July 2002.  He sought one hundred thousand ($100,000.00) dollars in damages.

According to the affidavit of the United States Marshal, defendant BCDC was served by mail on April 14, 2004.  Counsel, Marshall H. Waldron, Jr., and Kelly Walker of the Duffie Stone Law Office, interposed a motion to dismiss on behalf of "the defendants"[2] on May 3, 2004,.  On May 6, 2004, the plaintiff was provided a copy of the defendants' motion to dismiss, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  On May 24, 2004, the plaintiff responded with an opposition to the motion as well as a motion to amend the complaint.  The defendants filed an opposition to the motion to amend the complaint on June 9, 2004.

---

[2] The motion was made on behalf of "defendants" although the only defendant named and served was BCDC.  The basis of the motion was that the plaintiff had not stated a claim of constitutional dimensions.  Missing was any mention of the significant legal fact that BCDC is only a building and not a legal entity capable of being sued.

On July 6, 2004, the plaintiff's motion to amend his
complaint was granted, and the "defendants'" motion to dismiss
the complaint was mooted with leave to refile. In Ward's amended
complaint, he added as defendants Mark Fitzgibbons, the jail
administrator; John Doe one, the fire alarm sound device
manufacturer; John Doe two, the computer-fire alarm system
installation contractor; and the jail doctor, John Doe three.
Ward averred that he was bringing a civil rights action against
the BCDC, Fitzgibbons, and John Doe three, and that he is suing
Fitzgibbons and John Doe three in both their official and
individual capacities. He also sued all defendants in tort
pursuant to state law and purportedly under this court's
diversity jurisdiction.

On July 19, 2004, an answer was filed which, by caption, was
on behalf of the BCDC, but which in the body purported to be an
answer on behalf of Fitzgibbons who had not been served. Ward
moved for additional time to identify the John Doe defendants and
his motion was granted. Fitzgibbons was ordered to provide the
names and other identifying information of the John Doe
defendants to the plaintiff within twenty (20) days of the August
19, 2004, order, and the plaintiff was ordered to perfect service
on the remaining defendants by November 15, 2004.

On August 30, 2004, service was perfected by the United
States Marshal on Fitzgibbons and the John Doe defendants through

3

an individual, D. Anderson, who accepted service by mail at the
BCDC.[3]  On September 2, 2004, defendants BCDC and Fitzgibbons
filed a motion for an extension of time in which to file
dispositive motions.  That motion was granted and the time was
extended until November 30, 2004.

Next, the United States Marshal personally served
Fitzgibbons at the BCDC on November 4, 2004.  On November 29,
2004, attorney Kelly Walker was terminated as attorney of record
by the Clerk of Court for the John Doe defendants.  On December
2, 2004, Fitzgibbons and the BCDC moved for additional time in
which to file dispositive motions because they had not been able
to conduct discovery on the John Doe defendants and took the
position that the John Doe defendants had never been served in
the action.  The defendants were given until February 15, 2005,
to filed dispositive motions.  On February 14, 2005, defendants

_____

[3] A letter to the Clerk of Court was received from the
plaintiff on December 6, 2004, which stated that John Doe one,
who the plaintiff parenthetically referred to as "Silent Knight",
and John Doe two, who the plaintiff parenthetically referred to
as Coastal Empire Fire and Security, Inc., had not been served at
"different addresses independently" but rather at the BCDC.  The
plaintiff indicated that he had provided the correct addresses on
the subpoenas.  The plaintiff did attach new subpoenas for all
John Doe defendants to a letter received by the Clerk of Court on
October 1, 2004, but those new subpoenas were never docketed or
forwarded to the United States Marshal for service.  The letter
also named the three defendants as the former John Doe
defendants, but Ward never moved that they be substituted for the
John Doe defendants.

Fitzgibbons and BCDC filed a motion to dismiss pursuant to Fed. R. Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted and for failure to exhaust administrative remedies. They also filed a motion to amend their answer to plead the defense of failure to exhaust administrative remedies.

On February 15, 2005, defendants Fitzgibbons and BCDC filed a motion for summary judgment along with the plaintiff's answers to the defendants' request for admissions and several unverified exhibits. On February 18, 2005, the plaintiff was provided a copy of the defendants' motion for summary judgment, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded with an opposition to the motion, several unverified exhibits, and his affidavit[4] on February 25, 2005. BCDC and Fitzgibbons filed a reply on March 3, 2004, with the affidavit of Fitzgibbons. The plaintiff, also on March 3, 2005, filed another opposition to the motion for summary judgment with another affidavit, and filed an affidavit for the entry of default and requested that the Clerk place the John Doe doctor in default.

---

[4] In his affidavit, Ward asks that his prayer for damages be amended to increase the amount sought and that his state tort claims be transferred to state court. These "requests" are not properly before the court and, as such, will not be considered.

Lastly, Plaintiff filed a reply to the defendants' reply on March 18, 2005.  Hence it appears consideration of the motion is appropriate.

Fitzgibbons and the John Doe defendants are properly before the court as witnessed by the affidavits of service from the United States Marshal's Office on file with the court, Docket Numbers, 25, 26, 27, and 29.  BCDC is not an entity subject to being sued.

The John Doe defendants are in default, and the Clerk of Court should enter default as to them, and this matter forwarded to the United States District Judge assigned the case for consideration of a default judgment.

Defendant Fitzgibbons seeks dismissal and summary judgment for failure to exhaust administrative remedies, among other reasons.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation and Reform Act (PLRA), "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  There is no doubt that the PLRA's exhaustion requirement is mandatory.  See, Porter v. Nussle, 534 U.S. 516, 524 (2002).  "Once within the discretion of

6

the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id.

On May 17, 2005, the Fourth Circuit Court of Appeals held that failure to exhaust prison remedies is an affirmative defense which a defendant must plead and prove. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005).

## FACTS RELATED TO EXHAUSTION OF REMEDIES

Here, defendant Fitzgibbons filed an answer and dispositive motion in which he asserted that the plaintiff did not exhaust his administrative remedies and that the court should dismiss his claims on that basis alone. Specifically by affidavit Fitzgibbons states, "I have searched the records of the Beaufort County Detention Center for the years 2000, 2001 and 2002, and I find no grievances or complaints of Mr. Ward addressed to me or any other member of my immediate command staff." Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss.

The plaintiff in reply asserts that he filed "informal complaints" and exhausted the "Informal Resolution" procedures. He further asserts that exhaustion does not apply since he made a

medical complaint.  The plaintiff also quotes in his response the inmate handbook which provides in relevant part, "[t]he Inmate shall send the complaint to the Grievance Chairman within 48 hours after the incident occurs."  The plaintiff admittedly did this because he asserts his grievance is a medical grievance excluded from the procedure.

## DISCUSSION

The undisputed admissible evidence of record establishes that the plaintiff did not begin, much less exhaust, his administrative remedies through the grievance system made available to him.  Further, the plaintiff's characterization that his grievance is excluded as a medical complaint is both erroneous and disingenuous.

First the action before the court is not a medical complaint.

> Plaintiff is suing the County in its Official
> Capacity under the theory that the County is
> responsible for the actions of the contractor who
> was acting under color of state law.  Plaintiff
> also identifies a custom or policy that caused the
> injury, in that the Detention Center fails to
> train employees and contractors  with respect to
> Environmental Protection Agency standards for sake
> levels of noise in closed indoor areas such as the
> jail....[Defendant Fitzgibbons] had an official
> duty or responsibility over living conditions at
> the Beaufort County Detention Center.  This
> defendant was responsible for the conduct and
> operations of private contractors working at the
> facility at all time relevant to this complaint.

Amendment To Complaint, pp 1-2.

This claim against Fitzgibbons is no more a medical claim than an excessive force claim resulting in injury is a medical claim.

Furthermore, the United States Supreme Court recently held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). Also, in <u>Booth v. Churner</u>, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. <u>Id</u>. at 1825.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that defendant Fitzgibbons' dispositive motions based upon a failure to exhaust administrative remedies be granted[5]. It is recommended that the BCDC be dismissed as to any civil rights claims because it is only a building, not a legal entity capable of being sued and clearly not a person acting under color of state law. Finally, it is recommended that the motion for default judgment as to the John Doe defendants be granted in the

---

[5]This also resolves the defendants' motion to amend filed on February 14, 2005. Docket No. 34.

absence of an answer from said defendants and in light of the affidavits of service by the United States Marshal.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 25, 2005

10

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&

The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would
> a failure to object. The district court's attention is not focused on any specific issues for review, thereby
> making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes
> judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination
> without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no
> issue for review. * * * A district judge should not have to guess what arguments an objecting party depends
> on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, *supra*; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

11