IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph G. Ward, Jr., #98556-071, ) | Civil Action No.: 2:04-0792-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Beaufort County Detention Center; ) | |
| Jail Administrator Fitzgibbons; ) | **O R D E R** |
| John Doe One (Fire Alarm Sound ) | |
| Device Manufacturer); John Doe ) | |
| Two (Computer System/Fire Alarm ) | |
| System Installation Contractor); and ) | |
| John Doe Three (Jail Doctor), ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed on March 31, 2004, by the plaintiff, a federal prisoner, proceeding pro se, pursuant to 42 U.S.C. § 1983. In the complaint as originally filed the plaintiff brought suit against the Beaufort County Detention Center ("BCDC") alleging that his hearing was injured when he was repeatedly exposed to loud noises from the testing of a new fire alarm system during his stay there as a pretrial detainee in July 2002. The plaintiff seeks one hundred thousand dollars ($100,000.00) in damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On May 24, 2004, the plaintiff filed a motion to amend the complaint. On July 6, 2004, Magistrate Judge Carr granted the plaintiff's motion to amend. In the plaintiff's amended complaint, he added as defendants Mark Fitzgibbons, the jail administrator; John Doe one, the fire alarm sound device manufacturer; John Doe two, the computer-fire alarm system installation contractor; and John doe three, the jail doctor.

The plaintiff states in his amended complaint that he is bringing a civil rights action against the

BCDC, Fitzgibbons, and John Doe three in both their official and individual capacities. Plaintiff has also brought suit against all of the defendants in tort pursuant to state law purportedly under this court's diversity jurisdiction. On July 28, 2004, the plaintiff filed a motion to extend time in which to serve the John Doe defendants and for limited discovery from the named defendants seeking identifying information concerning the John Doe defendants. On August 19, 2004, the Magistrate Judge granted the plaintiff's motion and ordered the named defendants to provide the plaintiff with such specific information as necessary to perfect service on the John Doe defendants.

On February 14, 2005, defendants Fitzgibbons and BCDC filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted and for failure to exhaust administrative remedies. They also filed a motion to amend their answer to plead the defense of failure to exhaust administrative remedies. On February 15, 2005, defendants Fitzgibbons and BCDC filed a motion for summary judgment. As the plaintiff is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on February 18, 2005, advising the plaintiff of the dismissal and summary judgment procedure and the importance for him to file an adequate response. The plaintiff responded to the motions. Plaintiff also filed an affidavit for the entry of default and requested that the Clerk of Court place the John Doe doctor (#3) in default.

On July 27, 2005, the Magistrate Judge issued a Report and Recommendation which recommends that defendant Fitzgibbons' dispositive motions based upon a failure to exhaust administrative remedies be granted. The Magistrate Judge concludes that the plaintiff has failed to comply with the Prison Litigation Reform Act's mandatory exhaustion requirement. The Magistrate Judge also recommends that the BCDC be dismissed as to any civil rights claims because it is only a

building, not a legal entity capable of being sued and not a person acting under the color of state law. The Magistrate Judge also makes a recommendation to this court to grant the plaintiff's motion for default judgment as to the John Doe defendants in absence of an answer from said defendants and in light of the affidavits of service by the United States Marshal.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On August 2, 2005, the plaintiff filed objections to Magistrate Judge Carr's Report and Recommendation. The court will address the objections as follows:

**Exhausting Administrative Remedies**

The plaintiff first objects to the Magistrate Judge's conclusion that the complaint against defendant Fitzgibbons should be dismissed because the plaintiff failed to exhaust administrative remedies. The plaintiff states that he was transferred from BCDC approximately two (2) days after he informally complained of the fire alarm system. The plaintiff argues, as he did in his responses to the dispositive motions, that once he was transferred and no longer within the facility where the injury occurred, he was relieved of any obligation to comply with the internal grievance procedures within that

facility. The plaintiff further argues that had he attempted to comply with BCDC's grievance procedure from another facility, the BCDC would not have honored its own grievance procedure by virtue of the external complaint. Therefore, the plaintiff states that the grievance procedure requirement is mooted by virtue of a prisoner no longer being within a facility being complained of.

In addressing this objection, the court needs to look no further than the language of the Prison Litigation Reform Act ("PLRA") itself. Section 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are *exhausted*." 42 U.S.C. § 1997e(a) (emphasis added).

The United States Supreme Court recognized in Porter v. Nussle, 534 U.S. 516, 524 (2002), that "[o]nce within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." In this case, the plaintiff argues that he is relieved of any obligation to comply with the BCDC internal grievance procedures once he was transferred and no longer within that facility. As stated above, he alleges that even if he had attempted to comply with the BCDC's internal grievance procedures it would not have been honored because he was no longer at that facility. However, even if the plaintiff's speculation that his grievance would not have been honored is taken as true, the United States Supreme Court found in Porter that "[a]ll remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and *effective*. Even when the prisoner seeks relief not available in the grievance proceedings . . . exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524 (emphasis added). Thus, in this case, it is not enough that the plaintiff speculates that his grievance would not be honored at the BCDC, because the PLRA requires exhaustion whether effective or not effective. For the reasons stated above, the court overrules this objection.

**Default**

The Magistrate Judge states in his Report that on August 30, 2004, service was perfected by the United States Marshal on Fitzgibbons and the *John Doe defendants* through an individual, D. Anderson, who accepted service by mail at the BCDC. The Magistrate Judge concludes that the John Doe defendants are in default, and the Clerk of Court should enter default as to them, and this matter should be forwarded to the United States District Judge assigned the case for consideration of a default judgment. The Magistrate Judge recommends that this court grant the motion for default judgment as to the John Doe defendants in the absence of an answer from said defendants and in light of the affidavits of service by the United States Marshal.

In the plaintiff's objections, he states to the extent that the Magistrate Judge recommends that default judgment be granted against the John Doe defendants, the Magistrate Judge should have also attached an amount certain to each of those defendants. However, this court does not need to address the plaintiff's objection because the court respectfully disagrees with the Magistrate Judge's conclusion on this issue for several reasons. First, this court is unaware of any way a default judgment could be entered against John Doe defendants, much less how it would serve any purpose, as no judgment could be collected. It would appear to this court that entry of default judgment is inappropriate against fictitious party defendants. Second, this court does not agree that service was *perfected* on the John Doe defendants. As stated above, the Magistrate Judge's Report reveals that John Doe defendants were served by mail at the BCDC and that an individual, D. Anderson, accepted service. However, there is no evidence before this court which shows that D. Anderson was authorized to accept service for the John Doe defendants and that the proper address for service of those defendants was the BCDC. In fact, the Magistrate Judge mentions in a footnote in his Report that the plaintiff sent a letter to the Clerk of

Court which was received on December 6, 2004, and states that John Doe one and John Doe two had not been served at different addresses independently but at the BCDC. The plaintiff indicates that he had provided the correct addresses on the subpoenas he attached to a letter to the Clerk of Court received on October 1, 2004. The Magistrate Judge goes on and acknowledges in a footnote that the plaintiff did attach new subpoenas for all John Doe defendants to a letter received by the Clerk of Court on October 1, 2004, but those new subpoenas were never docketed or forwarded to the United States Marshal for service. Most significant to this court, the October 1, 2004, letter gives the true identities and addresses of the three defendants previously referred to as the John Doe defendants, however, the Magistrate Judge states that the plaintiff never formally made a motion that they be substituted for the John Doe defendants.

This court is ever mindful that pro se litigants are entitled to some deference. The Fourth Circuit stated in Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th 1978), that:

> [a] district court is not required to act as an advocate for a pro se litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.

Therefore, this court finds that the plaintiff's letter of October 1, 2004, should be construed as a motion to substitute the true identities provided in the letter, for those of the John Doe defendants. As such, the court grants the plaintiff's motion to substitute and the Clerk of Court is hereby instructed to substitute the true identities and addresses the plaintiff provided in his October 1, 2004, letter for those of the John Doe defendants. Additionally, as this court has found that the John Doe defendants were not properly served, the Clerk of Court is also instructed to forward the new subpoenas, which are attached to the plaintiff's October 1, 2004, letter to the United States Marshal for service.

After having reviewed the Report, objections, pleadings and memoranda, this court finds that the Magistrate Judge's Report should be accepted in part and rejected in part. Therefore, the Report and Recommendation is adopted in part and incorporated herein as modified by this Order.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that defendants Fitzgibbons and BCDC's motion to amend is **GRANTED**. Defendant Fitzgibbons' motion to dismiss and motion for summary judgment are **GRANTED** as to the civil rights claims. Likewise, Defendant BCDC is hereby dismissed as to any civil rights claims because it is only a building, not a legal entity capable of being sued and not a person acting under color of state law. However, the remaining tort cause of action under state law asserted against defendants Fitzgibbons and BCDC purportedly under this court's diversity jurisdiction is recommitted to the Magistrate Judge for further consideration of that claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute the true identities and addresses provided by the plaintiff in his October 1, 2004, letter for the names of the John Doe defendants. The Clerk shall also forward the subpoenas attached to the October 1, 2004, letter to the U.S. Marshal who shall serve the subpoenas. As stated above, this court respectfully rejects the Magistrate Judge's recommendation regarding granting default judgment against the John Doe defendants. Therefore, the claims against the substituted defendants, formerly known as John Does one, two, and three, are recommitted to the Magistrate Judge for further consideration.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 6, 2005