RECEIVED
USDC CLERK, CHARLESTON, S
2006 MAR 27 ⌐ 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph G. Ward, #98556-071, | C. A. No. 2:04-0792-RBH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Beaufort County Detention Center; Jail Administrator Fitzgibbons; John Doe One (Fire Alarm Sound Device Manufacturer); John Doe Two (Computer System/Fire Alarm System Installation Contractor); and John Doe Three (Jail Doctor), | |
| Defendants. | |

This action, brought by a federal prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the motion of defendants Beaufort County Detention Center and Jail Administrator Fitzgibbons to dismiss the remaining cause of action against them, negligence, for want of jurisdiction under Fed.R.Civ.P. 12(b)(1). 28 U.S.C. § 636(b).

On March 31, 2004, the plaintiff, Joseph G. Ward, Jr., filed the instant action against the Beaufort County Detention Center (BCDC) and on July 6, 2004, he added as defendants Mark Fitzgibbons, the jail administrator, John Doe one, the fire alarm sound device manufacturer, John Doe two, the computer-fire alarm system installation contractor, and John Doe three, the jail

1

doctor. Plaintiff alleged that he was exposed to loud noises from the testing of a new computer system controlling the fire alarm system for two days during his stay at BCDC as a pretrial detainee in July 2002, which exposure injured his hearing. He sought one hundred thousand dollars ($100,000.00) in damages and "hearin-aids etc. at the expense of the defendant[s]." (sic).

The plaintiff brought two causes of action: one for civil rights violations pursuant to 42 U.S.C. § 1983, and another for common law negligence. The § 1983 claims against BCDC and Fitzgibbons were dismissed by the Honorable R. Bryan Harwell on September 6, 2005. Judge Harwell recommitted the state law negligence matter to the undersigned for further consideration.

The instant motion was filed on January 13, 2006. On January 18, 2006, the plaintiff was provided a copy of the motion, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded with an opposition to the motion. Hence, it appears that consideration of the motion is appropriate.

### RULE 12(b)(1) STANDARD

Challenges to a court's subject matter jurisdiction are brought under Rule 12(b)(1). A party seeking to invoke federal jurisdiction bears the burden of demonstrating that a basis for

jurisdiction exists. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether this burden has been satisfied, a court may proceed in one of two ways: (1) the court may find insufficient allegations in the pleadings or (2) the court may conduct an evidentiary hearing and weigh the evidence to determine if jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Here the court will consider only the allegations in the pleadings and, therefore, will view all disputed facts in a light most favorable to the party asserting jurisdiction. Lovern, 190 F.3d at 654.

## DISCUSSION

As an initial matter, the law of the case here is that defendant BCDC is only a building and, as such, is not capable of being sued. (See, Order of J. Harwell page 7). The plaintiff's argument that his claim against the BCDC "is essentially against the County of Beaufort" is unavailing. Plaintiff did not name or serve Beaufort County; the BCDC is the named defendant. The BCDC is entitled to dismissal from the action on that basis alone.

Next, the plaintiff's state law tort claim of negligence against Fitzgibbons, an employee of South Carolina, is one ostensibly under pendant jurisdiction. See, Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 29 S.Ct. 451 (1909) (holding that where a state law claim arises from the same set of facts as the federal law claim, the federal court may exercise pendant

jurisdiction over the state law matter). The court should now consider whether it has jurisdiction to hear this pendant state law claims against a state employee.

Under the Eleventh Amendment, a federal court has jurisdiction to hear a claim against a state, a state's agencies, and state employees acting within their official capacity, only to the extent that either the state has expressly waived immunity or Congress has successfully abrogated that immunity. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504 (1890) (holding that the Eleventh Amendment bars suits against a state by its own citizens); see, Florida Dept. of Health & Rehabilitative Servs. v. Florida Nursing Home Assn., 450 U.S. 147, 101 S.Ct. 1032 (1981) (asserting that an agency of state government is a part of the state for purposes of the Eleventh Amendment).

South Carolina, through the South Carolina Tort Claims Act ("the Act"), mandates that the "State, an agency, a political subdivision, and a government entity are all liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages." S.C. Code § 15-78-40. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. See, S.C. Code § 15-78-20(e) (providing that the State of South Carolina does not waive

Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State); Meyer v. Miro, 2003 WL 23198856, at 12 (D.S.C. Feb. 12, 2003). Suit under the Act is the exclusive remedy for a tort committed by an employee of the state of South Carolina. S.C. Code § 15-78-70(a); Patterson v. City of Columbia, 2003 WL 23901761 (D.S.C. Dec. 29, 2003).

First, the court must consider whether the Eleventh Amendment bars plaintiff's tort claims against Fitzgibbons in official capacity. Plaintiff asserts his negligence claim against Fitzgibbons is for acts or omissions alleged to have occurred in the scope of his employment. The Act, which is the exclusive remedy for any tort committed by a government employee acting within the scope of his official duties, waived immunity in state court for certain tort claims against the state and state employees; however, the Act expressly reserved the state's Eleventh Amendment immunity in federal court. McCall v. Williams, 52 F.Supp.2d 611, 615 (D.S.C. 1999). As such, the Eleventh Amendment bars plaintiff's pendent state law tort claim against Fitzgibbons in his official capacity as an employee of the state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh

5

Amendment."); see also, McFadden v. Clarendon County Sheriff's Dept., 2001 WL 34085610 (D.S.C. May 21, 2001); Huang v. Bd. of Governors, 902 F.2d 1134, 1138 (4th Cir. 1990); McCall v. Williams, 52 F.Supp.2d 611, 615 (D.S.C. 1999).

Second, the court must consider whether plaintiff is barred from asserting his pendant state law claim against Fitzgibbons in his individual capacity. While the Act is the exclusive remedy for injury caused by state employees in the scope of official duty, it does not grant an employee personal "immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code § 15-78-70(b); see also, S.C. Code § 15-78-60(17). Thus, a state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment. See, Roberts v. City of Forest Acres, 902 F.Supp. 662, 671 (D.S.C. 1995) (finding that the governmental entity is not liable under the Act, and the employee is personally liable, when the employee's conduct falls within the exceptions listed in section 15-78-70(b)).

In this case, plaintiff's negligence claim fails to allege intent to harm or actual malice. As such, for these claims, the sole remedy is under the Act, and plaintiff may not assert these

claims in federal court against any state employee in his individual capacity.  See, McCall v. Williams, 52 F.Supp. 2d 611 (D.S.C. 1999).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion to dismiss for want of jurisdiction be granted.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March  27 , 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
