RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP -8  A 9: 48

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph G. Ward, Jr., <br><br> Plaintiff, <br><br> -versus- <br><br> Beaufort County Detention Center; Jail Administrator Fitzgibbons; Silent Knight Company (formerly John Doe One); Coastal Empire Fire & Security, Inc. (formerly John Doe Two); Jail Doctor Tony Bush (formerly John Doe Three), <br><br> Defendants. | C. A. No. 2:04-0792-RBH-RSC <br><br> **ORDER AND** <br> **REPORT AND RECOMMENDATION** |

This civil rights action was filed on March 31, 2004. On September 6, 2005, the Honorable R. Bryan Harwell, United States District Judge, issued an Order granting the motion of defendants Fitzgibbons and BCDC to amend. Judge Harwell further granted defendant Fitzgibbons' motions to dismiss and for summary judgment as to the civil rights claims, and defendant BCDC was dismissed as to any civil rights claims. However, the remaining tort cause of action under state law asserted against defendant Fitzgibbons and BCDC purportedly under this court's diversity jurisdiction was recommitted to the undersigned for further consideration of that claim. Judge Harwell further ordered that the Clerk of Court shall substitute the true identities and addresses provided by the plaintiff in his October 1, 2004, letter for the names of three John Doe defendants, and rejected

the Magistrate Judge's recommendation of default judgment against the John Doe defendants. Therefore, the claims against the substituted defendants, formerly known as John Does one, two and three, were recommitted to the undersigned for further consideration.

On October 4, 2005, the plaintiff filed an interlocutory appeal. On December 22, 2005, the Fourth Circuit of Appeals issued an Order dismissing the plaintiff's appeal.

On October 20, 2005, while the plaintiff's appeal was pending, defendant Silent Knight Company (formerly John Doe One) and Coastal Empire Fire & Security, Inc. (formerly John Doe Two) filed their Answers.

Nothing has been received from Tony Bush, formerly John Doe Three, jail doctor. John Doe Three, jail doctor, was served on September 10, 2004 (Docket #25) and default was entered by the Clerk (Docket #46). However, when John Doe Three jail doctor was identified as Tony Bush, jail doctor, and service was again attempted, under his name, the summons was returned unexecuted (Docket #63). While it is inconceivable that the jail doctor has disappeared and cannot be located for service of process, it is of little moment since he remains in default (Docket #46) after having been served as "John Doe Number 3 the jail doctor."

On March 27, 2006, a report and recommendation was entered recommending dismissal of defendants Fitzgibbons and BCDC for want of jurisdiction. On April 17, 2006, an Order was entered

adopting that recommendation and dismissing Fitzgibbons and BCDC from this action.

The discovery period for Silent Knight Company and Coastal Empire Fire & Surety, Inc., expired and on April 19, 2006, they moved for summary judgment. In connection with the motion for summary judgment both parties moved for additional time to conduct discovery, and Ward moved to amend the complaint to add as a defendant "Integrator."

A hearing was held on the pending motions on September 6, 2006, and the plaintiff consented to the entry of summary judgment in favor of Silent Knight Company and Coastal Empire Fire & Security. The plaintiff consented to summary judgment based upon discovery indicating that he had erroneously named Silent Knight Company and Coastal Empire Fire & Security as defendants based upon inaccurate information provided by the detention center and jail administrators. Specifically he had been told that Silent Knight Company and Coastal Empire Fire & Security were responsible for the fire alarm which allegedly caused his hearing loss, but now he has learned that "it was the locking control company called Integrator that may have caused the fire alarms to be activated on a daily basis." It is this same information which the plaintiff relies on to support his motion to amend to add Integrator as a defendant.

The granting of summary judgment in favor of Silent Knight Company and Coastal Empire Fire & Security will moot the pending

motions for discovery and leave in this action only the defaulting defendant Tony Bush, jail doctor, unless the motion to amend is granted.

Generally, motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure. However, when a scheduling order has been entered, as is the present case, Rule 16(b), which governs modification to a scheduling order, is first implicated. See, e.g., O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-55 (1st Cir. 2004) (noting that "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely given' standard, governs motions to amend filed after scheduling order deadlines."). Thus, when granting a motion to amend would require modifying a district court's scheduling order, Rule 16(b) of the Federal Rules of Civil Procedure requires that the movant first show "good cause." See, Vercon Construction, Inc. v. Highland Mortgage Co., 2006 WL 1747115, *1 (4th Cir. June 20, 2006) (unpublished) ("Ordinarily, leave to amend is to be 'freely given when justice so requires.' However, when granting leave to amend, as was the case here, would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause.") (internal citations omitted). Accordingly, "Plaintiff first must satisfy the good cause standard of Rule 16(b) and, if successful, then must pass the tests for amendment under Rule 15(a)." CompUSA v. IBM Corp.,

2004 WL 1459272, *2 (D.Md. June 29, 2004) (unpublished) (citing Rassoull v. Maximus, Inc., F.R.D. 372, 373 (D.Md. 2002)); see also, DilmarOil Co., Inc. v. Federated Mut. Ins. Co, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Once a scheduling order's deadline for amendment of pleadings has passed, a movant must **first** demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must **then** pass the requirements for amendment under Rule 15(a).") (emphasis in original).

The "good cause" standard in Rule 16(b) differs from the more lenient standard set forth in Rule 15(a). See, Dilmar Oil Co., 986 F.Supp. at 980. As the court stated in Dilmar Oil Co.:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Id. (internal citations omitted).

In contrast, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court stated in Foman v. Davis, "[i]n the absence of any apparent declared reason – such as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962). Thus, the decision to grant a party leave to amend is within the sound discretion of the trial court, but "that discretion is limited by the interpretation given Rule 15(a) in [Foman v. Davis, 371 U.S. 178 (1962)] 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987) (citation omitted). In exercising its discretion, "the court should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend.'" Id. (citation omitted). Mere delay unaccompanied by prejudice, bad faith, or futility in moving to amend is not a sufficient reason to deny leave to amend. Id.

Here it appears that there is good cause for allowing the amendment at this late date and that the ends of justice would be served by allowing the proper defendant to be named and brought into this case. The good cause arises out of the inaccurate information given by former co-defendants which caused the plaintiff to name the wrong parties as defendants. Also it appears that with the continued existence of defendant Bush in the case there will have to be a hearing at least with regard to damages and there is no reason to go forward with that

hearing if it would have to be held a second time as to Integrator. Finally, without deciding theses issues at this point, it may well be that the plaintiff is barred from bringing a second action simply against Integrator, but Integrator may be a proper party in the current action as a former John Doe defendant. Under any circumstance, however, embracing the general policy embodied in the Federal Rules favoring resolution of cases on their merits, the amendment to allow the inclusion of Integrator should be granted.

Now, therefore, for the reasons stated above,

**IT IS ORDERED** that the plaintiff's motion to amend is granted, and the Clerk of Court is directed to provide the plaintiff with the proper forms for attempting service of Integrator, and

IT IS RECOMMENDED that summary judgment be entered in favor of Silent Knight Company and Coastal Empire Fire & Security.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 8, 2006

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**