IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph G. Ward, Jr., ) | |
| ) | C.A. No.: 2:04-0792-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Beaufort County Detention Center; Jail ) | |
| Administrator Fitzgibbons; Silent Knight ) | |
| Company (formerly John Doe One); Coastal ) | |
| Empire Fire & Security, Inc. (Formerly John ) | |
| Doe Two); Jail Doctor Tony Bush (formerly ) | |
| John Doe Three), ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give

any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

However, the Court notes that the Report and Recommendation contains an inaccurate depiction of the situation regarding the defendant Tony Bush, jail doctor, identified in the original Complaint as John Doe Three.  The Report and Recommendation correctly states that default was entered by the Clerk against John Doe Three.  The Report also correctly states that the summons was returned unexecuted as to this defendant after he was identified as Dr. Tony Bush, jail doctor.  However, the Report states: "While it is inconceivable that the jail doctor has disappeared and cannot be located for service of process, it is of little moment since he remains in default (Docket #46) after having been served as 'John Doe Number 3 the jail doctor."  (Report, page 2).

This issue was addressed in the prior Order of this Court filed on September 6, 2005.  In that Order (page five), this Court stated, "this Court does not agree that service was *perfected* on the John Doe defendants."[1]   The Court ordered that the Clerk forward new summons for the John Doe defendants to the United States Marshal for service.[2]  When this was done, the record reflects that the Marshal executed service on defendants, Silent Knight and Coastal (formerly John Doe 1 and 2) and that once they were properly served, they filed answers (and are now being dismissed).  The Marshal attempted personal service on Dr. Bush (John Doe 3) at the address given by the plaintiff, C.T. Corporation.  However, service was not effected since the agent of C.T. Corporation advised the

---

[1] Fed. R. Civ. P. 4(e) explains the proper method of perfecting service upon individuals and refers to state law as one way of attaining service.  *See* S.C. Rule of Civ. Proc. 4 for service on individuals.

[2] The previous Order of this Court contains a clerical error in that it refers to "subpoenas" instead of " summons".

Marshal that it could only accept service for Southern Health Partners and not for an individual doctor. (Docket # 63)

The Clerk is directed to lift the entry of default against the John Doe Defendants. The matter regarding John Doe three, defendant Bush, is recommitted to the Magistrate Judge who is directed to issue an order providing that the court is hereby giving notice to the plaintiff that pursuant to Rule 4(m) it will dismiss Dr. Bush without prejudice within ten (10) days for failure to comply with Rule 4(m) if service is not effected.[3]  After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Carr's Report and Recommendation and incorporates it herein except insofar as it is inconsistent with prior Order by this Court. It is therefore

**ORDERED** that the Clerk shall lift the entry of default against the John Doe defendants and that summary judgment be entered in favor of defendants Silent Knight Company and Coastal Empire Fire & Security. The case is recommitted as directed herein as to Tony Bush, jail doctor (John Doe three) and regarding Integrator as a new party. The Court concurs with the Magistrate Judge's Order allowing amendment of the Complaint to name Integrator as a party defendant.

---

[3] Fed. R. Civ. P. 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . ."

3

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell.
United States District Judge

Florence, South Carolina
October 11, 2006