RECEIVED
USDC CLERK, CHARLESTON, SC

2006 DEC 21  P 12: 22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph G. Ward, #98556-071, | C. A. No. 2:04-0792-RBH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Beaufort County Detention Center; Jail Administrator Fitzgibbons; John Doe One (Fire Alarm Sound Device Manufacturer); John Doe Two (Computer System/Fire Alarm System Installation Contractor); and John Doe Three (Jail Doctor), | |
| Defendants. | |

This negligence action, brought by a federal prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the motion of defendant Integrator to dismiss the action as untimely, or in the alternative for summary judgment. Fed.R.Civ.P. 12(b)(6), 56(c). 28 U.S.C. § 636(b).

On March 31, 2004, the plaintiff, Joseph G. Ward, Jr., filed the instant action against the Beaufort County Detention Center (BCDC) and on July 6, 2004, he added as defendants Mark Fitzgibbons, the jail administrator, John Doe one, the fire alarm sound device manufacturer, John Doe two, the computer-fire alarm system installation contractor, and John Doe three, the jail doctor. Plaintiff alleged that he was exposed to loud noises

1

from the testing of a new computer system controlling the fire alarm system for two days during his stay at BCDC as a pretrial detainee in July 2002, which exposure injured his hearing. He sought damages.

The plaintiff brought two causes of action: one for civil rights violations pursuant to 42 U.S.C. § 1983, and another for common law negligence. The § 1983 claims against BCDC and Fitzgibbons were dismissed by the Honorable R. Bryan Harwell, United States District Judge, on September 6, 2005. Judge Harwell also dismissed Defendants BCDC and Mark Fitzgibbons for want of jurisdiction on April 17, 2006.

The discovery period for Silent Knight Company and Coastal Empire Fire & Surety, Inc., expired and on April 19, 2006, they moved for summary judgment. In connection with the motion for summary judgment both parties moved for additional time to conduct discovery, and Ward moved to amend the complaint to add as a defendant "Integrator."

A hearing was held before the undersigned on the pending motions on September 6, 2006, at which time the plaintiff consented to the entry of summary judgment in favor of Silent Knight Company and Coastal Empire Fire & Security. The plaintiff consented to summary judgment based upon discovery responses of April 24, 2006, which indicated that Silent Knight Company and Coastal Empire Fire & Security had nothing to do with the fire

alarms sounding off in July 2002, but rather, work which was performed on the cell locking system at BCDC by "Integrator" may have caused the alarm soundings. Ward explained that he had named Silent Knight Company and Coastal Empire Fire & Security as defendants based upon information provided on August 24, 2004, by BCDC and jail administrators. Specifically he had been informed that Silent Knight Company and Coastal Empire Fire & Security were responsible for the fire alarm system, but now he had learned that "it was the locking control company called Integrator that may have caused the fire alarms to be activated on a daily basis."

Ward moved to amend his complaint to add Integrator[1] as a defendant, and that motion was granted on September 8, 2006. Ward filed his second amended complaint on September 29, 2006, and served Integrator on October 19, 2006. Silent Knight Company and Coastal Empire Fire & Security were dismissed on October 11, 2006. Intergrator filed the instant motion on November 8, 2006.

On November 15, 2006, the plaintiff was provided a copy of the motion, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that

---

[1] Plaintiff named "Integrator" as a defendant, but Stanley Security Solutions, Inc., is actually the name of the defendant he added. See, corporate history of Stanley Security Solutions, Inc. described in the Dean affidavit at paragraphs 7 and 8.

3

required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded with an opposition to the motion on November 29, 2006, and the defendant replied on December 11, 2006. On December 12, 2006, Ward moved for a continuance under Fed.R.Civ.P. 56(f) to allow him time to engage in discovery of Intergrator. Hence, it appears that consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Where, as here, a motion to dismiss under Rule 12(b)(6) is accompanied by an affidavit to be considered by the court, "the motion shall be construed as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure." <u>Hoffman v. Tuten</u>, 446 F.Supp.2d 455, 458 (D.S.C. 2006)(citing Fed.R.Civ.P. 12(b)).

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. <u>Id.</u>, 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the

4

opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## STATUTE OF LIMITATIONS and FED.R.CIV.P. 15(c)

The defendant seeks summary judgment on the grounds that the uncontested facts show that plaintiff's action is barred by the

5

South Carolina three (3) year statute of limitations for tort negligence actions. S.C. Code Ann. § 15-3-530(5). All actions initiated under § 15-3-530(5) "... must be commenced within three years after the person knew or by exercise of reasonable diligence should have known that he had a cause of action."

The statute does not run from the date of the negligent act, but from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. <u>Wilson v. Shannon</u>, 299 S.C. 512, 386 S.E. 2d 257 (Ct. App. 1989); <u>see</u> <u>also</u>, <u>Strong v. University of South Carolina School of Medicine</u>, 316 S.C. 189, 447 S.E.2d 850 (1994). In a negligence action, the statute of limitations begins to run when "the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that some claim against another party might exist." <u>See</u>, <u>McClain v. Jarrard</u>, 354 S.C. 218, 580 S.E.2d 763 (Ct. App. 2003) (plaintiff had actual knowledge that he was treated by consulting neurosurgeon before undergoing surgery and that any potential claim could encompass his treatment, therefore, plaintiff was put on notice of the facts and circumstances of an injury in support of a potential claim at the time of consult); <u>Christenson v. Mikell</u>, 324 S.C. 70, 476 S.E.2d 692 (1996); <u>Benton v. Roger C. Peace Hospital</u>, 313 S.C. 520, 443 S.E. 2d 537 (1992), reh'g denied (1994); <u>Maher v. Tietex Corp.</u>,

6

331 S.C. 371, 500 S.E.2d 204 (Ct. App. 1998); Tanyel v. Osborne, 312 S.C. 473, 441 S.E.2d 329 (Ct. App. 1994) (statute of limitations on plaintiff's claim of negligence against school bus driver began to run when plaintiff witnessed the events causing his loss, thereby putting him on notice he might have a potential claim, not when he later discovered evidence to support his claim against bus driver). Further, an objective rather than subjective standard is applied to determine timeliness. Maher v. Tietex Corp., 500 S.E.2d at 204.

Importantly, the statute of limitations begins to run from the time the injured party has notice of the facts and circumstances supporting a potential claim, and not when all of the evidence underlying the claim is discovered. McClain v. Jarrard, 354 S.C. at 221; Smith v. Smith, 291 S.C.420, 354 S.E.2d 36 (1987). Thus, the statute of limitations "runs from the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence." Tollison v. B & J Machinery Co., 812 F. Supp. 618 (D.S.C. 1993)(quoting Dillon County Sch. Dist. Number Two v. Lewis Sheet Metal Works, Inc., 286 S.C. 207, 332 S.E.2d 555, 559 (Ct. App. 1985)). An action for negligence must be commenced within three years after a reasonable person should have known that he had a cause of action.

However, under Rule 15(c)(3), an amendment to a complaint changing a defendant or naming a new defendant will relate back to the date the plaintiff filed the original complaint if the requirements set forth in the rule are met. Rule 15(c) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when ...
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
> > > (A) has received notice of institution of the action that the party will not be prejudiced in maintaining the defense on the merits, and
> > > (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> Fed.R.Civ.P. 15(c).

The three elements set forth in Rule 15(c)(3) must be satisfied to qualify for relation back when a plaintiff seeks to add a new party. Weisgal v. Smith, 774 F.2d 1277 (4th Cir. 1985).

### FACTS

When Plaintiff filed his initial complaint on March 31, 2004, he named the BCDC and other "unknown individuals" as defendants. On July 7, 2004, Plaintiff filed his first amended complaint adding Jail Administrator Fitzgibbons, and John Does 1-3. In the his first amended complaint, Plaintiff defined "John

8

Doe Two" as the "Computer System/Fire Alarm Installation Contractor" and claimed that "[t]his defendant acted as a contractor for the BCDC to install a control system for the fire alarm at the jail." Then, on August 14, 2004, BCDC, pursuant to court order, provided Plaintiff with the identifying information concerning the John Doe defendants which he had requested. On September 6, 2005, the court ordered that the Clerk substitute the true identities and addresses for the names of the three John Doe defendants. Thus, Plaintiff named Silent Knight Company as John Doe One, Coastal Empire Fire and Security, Inc. as John Doe Two, and Jail Doctor Tony Bush as John Doe Three. At that time, according to the affidavit of Kara J. Dean, Assistant Secretary for Stanley Security Systems, Inc., Intergrator had no notice of this action, and had not been served with a summons or complaint. (See Dean Affidavit ¶¶ 14 & 15).

On May 15, 2006, Plaintiff filed a motion to add Integrator as a defendant to the suit and to amend his complaint for a second time. Plaintiff's motion to add Integrator was granted and he filed his second amended complaint on September 29, 2006, adding Integrator as a defendant. Integrator was served with the summons and second amended complaint on October 19, 2006.

In his second amended complaint, Plaintiff alleged that beginning on or about June 1, 2002, and continuing through July 18, 2002, the repetitive activation of the fire alarm system

9

warning siren at the BCDC created a noise level that resulted in irreparable loss of high pitch hearing in both of his ears. (See Am. Compl. ¶ 12 (second)). Further, Plaintiff alleges that activation of the fire alarm created noise levels in violation of known noise codes and/or the federal EPA standards pertaining to the noise level within a confined area which caused his injury. (See Am. Compl. ¶13(second)). Plaintiff alleges that defendant Integrator contracted with the BCDC to install various lock control devices including computer touch screen lock controls and the computer/electronic system that were connected to the fire alarm at the BCDC. (See Am. Compl. ¶¶ 6 & 17 (second)). Plaintiff claimed that an employee of Integrator was seen looking at the sensors to determine the cause of the continuous sounding of the fire alarm. (See Am. Compl. ¶ 17 (second)). Plaintiff claims that the alarm sounding was caused by the wiring system that was connected to the alarm. (See Am. Compl. ¶ 17 (second)). Plaintiff alleges that defendant Integrator was responsible for the alarm warning/siren sounding that caused him permanent hearing loss, and that Integrator knew or should have known that the continued blasting of the alarm warning/siren would constitute a substantial risk of harm to Plaintiff; and that despite this danger Integrator took no action to protect Plaintiff or other persons at risk. (See Am. Compl. ¶ 17 (second)). Plaintiff alleges that Integrator did not attempt to

terminate, reset, muffle, or disconnect the siren while doing its work at BCDC. (See Am. Compl. ¶ 17 (second)).

Again, Integrator was served with pleadings via certified mail on October 19, 2006. (See Dean Affidavit ¶ 14). According to the sworn affidavit of Kara Dean, Integrator, prior to October 19, 2006, had no notice of institution of this action. (See Dean Affidavit ¶ 15).

## **DISCUSSION**

A review of the record and relevant case law reveals that the defendant's motion should be granted.

In the instant case, Plaintiff alleges that he suffered an injury, hearing loss, as a result of repetitive activation of the fire alarm system's warning siren between June 1, 2002, and July 18, 2002. (See Am. Compl. ¶ 17 (second)). Thus, the three year statute of limitations prescribed by S.C. Code §15-3-530(5) began to run, at the latest, on July 18, 2002, and expired on July 18, 2005, as to all defendants, including Defendant "Integrator", who was not joined until September 29, 2006. Unless the addition of Integrator to the action on September 29, 2006, relates back under Rule 15(c)(3) to the original filing date of the suit on March 31, 2004, the statute of limitations has run and Integrator should be dismissed on that basis.

Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint set forth virtually identical facts without

11

altering the underlying cause of action, and thus subsection (2) is met. See, Benn v. Seventh-Day Adventist Church, 304 F.Supp.2d 716 (D.Md. 2004). However, in the case of an amendment that changes the party or the naming of a party, as here, Rule 15(c)(3) imposes further requirements. Specifically, Rule 15(c)(3) requires that (1) that the party brought in by amendment must have received notice of the claim "within the period provided by Rule 4(m), Fed.R.Civ.P. for service of the summons and complaint", (2) that the party not be prejudiced in maintaining a defense on the merits, and (3) that the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c)(3).

Here, Plaintiff has not met the "Mistake" requirement of Rule 15(c)(3)(B) because lack of knowledge of the true identity of the party does not qualify as a "Mistake." Plaintiff cannot establish that Integrator "knew or should have known, that but for a mistake concerning the identity of the proper party, the action would have been brought against it." Western Contracting Corp., 885 F.2d at 1201. (citing Fed.R.Civ.P.15(c)); (See Dean Affidavit ¶15). Integrator was never named, mentioned, or even described in Plaintiff's Complaint or First Amended Complaint. Integrator is not and has never been known as "John Doe Two". (See Dean Affidavit ¶ 6). "John Doe Two" was described in the

12

First Amended Complaint as the "Computer System/Fire Alarm System Installation Contractor". (See Am. Compl. (first)). Integrator is not a "computer system/fire alarm system installation contractor", but rather was contracted to perform work on the locking system at BCDC.

In the instant action, Plaintiff did not simply correct the defendant's name or substitute one defendant for another. Rather, he sued the wrong party and added "Integrator" as a defendant to this action under substantively different allegations than he had previously made against any defendants. In his Motion to Add, Plaintiff admits:

> Mr. Ward witnessed contractors installing a computer touch screen during the period when the fire alarms were being triggered on a daily basis, and believed that action to be related to the installation of the fire alarm system. Apparently, Mr. Ward misunderstood the relationship between the installation of this computer system and the fire alarm system installation which were both underway during the period in question. It appears that two separate defendant contractors should have been named. Nonetheless, Mr. Ward should be allowed to add the second, newly discovered party as a defendant to this action because the actions of this contractor, in triggering the fire alarm on a daily basis, fall within the allegations Mr. Ward set forth in his amended complaint, as giving rise to his injury.

(See Plaintiff's Motion Under Fed.R.Civ.Proc. 21 to Add Integrator as a Defendant to This Action, ¶ 4).

The requirement of Rule 15(c)(3)(B) that the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party" was not satisfied under the circumstances of this case

13

because lack of knowledge of the correct defendant does not qualify as a "mistake concerning the identity of the proper party" within the meaning of the rule. See, Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196 (4th Cir. 1989) (individual counter-defendants were not original parties, thus, in order to have the amendments relate back Betchel needed to prove notice and mistake). Additionally, where a plaintiff seeks belatedly to name a party as a defendant because he failed to appreciate that the new party might be liable, that is not a mistake in "identity" as contemplated by Rule 15(c)(3). See, Miracle of Life, LLC v. North American Van Lines, Inc., 368 F.Supp. 2d 499 (D.S.C. 2005) ("[T]he plain language of the rule does not contemplate relation back when a new party is simply added."). Courts have consistently distinguished between mistake as to identity and lack of knowledge as to the proper party to sue. In fact, the Fourth Circuit has explicitly stated:

> ...[W]e have in analyzing the scope of this rule, distinguished between mistake due to a lack of knowledge and mistake due to a misnomer. In so doing, we have not viewed lack of knowledge of the proper party to be sued as a "mistake" as that term is used in Rule 15(c)(3)(B). In the principal case on point, Western Contracting Corp. v. Bechtel Corp., we adopted the Seventh Circuit's holding that Rule 15(c)(2) permits an amendment to relate back where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.

Locklear v. Bergman & Beving AB, 457 F.3d 363 at 366 (4th Cir. 2006)(citing Western Contracting Corp. v. Bechtel Corp., 885 F.2d

1196, 1201 (4th Cir. 1989) (quoting <u>Wood v. Woracheck</u>, 618 F.2d 1225, 1230 (7th Cir. 1980)); <u>see</u> <u>also</u>, <u>Wilkerson v. C.D. Thrift</u>, 124 F.Supp. 2d 322, 328 (W.D.N.C. 2000); <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 470 (2d Cir. 1995) ("[Plaintiff's] amended complaint ··· did not correct a mistake in the original complaint, but instead supplied information [plaintiff] lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met."), modified, 74 F.3d 1366 (2d.Cir. 1996); <u>Wilson v. United States Gov't</u>, 23 F.3d 559, 563 (1st Cir. 1994) (holding that there was "no 'mistake concerning the identity of the proper party,' as required by Rule 15(c)(3). Rather, [plaintiff] merely lacked knowledge of the proper party.").

<u>Locklear v. Bergman & Beving AB</u> is factually similar to the instant case. There the Fourth Circuit held that an amended complaint filed after the statute of limitations expired but during a court-ordered extension of time for service of process, which added a new party in place of a mistakenly-named party, did not qualify as a "mistake" that related back to the original complaint pursuant to Rule 15(c)(3). <u>Locklear v. Bergman & Beving AB</u>, 457 F.3d at 363. Locklear filed his original complaint on December 17, 2002, and named the following parties as defendants: (1) Hassleholms Mekanisk AB; (2) a Hassleholms Wire Roller

Machine identified by serial number; and (3) "John Doe" defendants for the unknown seller, distributor, and importer of the machine. Id. at 364. Locklear failed to serve Hassleholms, the originally named defendant, within the 120 day period prescribed by Rule 4(m). Id. However, the District Court, sua sponte extended Locklear's service of process period to September 17, 2003. Id. at 364. On September 4, 2003, Locklear filed a motion requesting additional time in which to effectuate service and informed the court that he recently discovered the correct manufacturers of the machine. Id. The court granted Locklear's motion and he filed his amended complaint on October 9, 2003, replacing Hassleholms with the newly-named defendants. Id. The Fourth Circuit Court of Appeals held that the amended complaint, which was filed after the statute of limitations had run, adding a new party in place of a mistakenly-named party, did not qualify as a "mistake" that related back to the original. Id. at 363. Moreover, because the court concluded that the addition of the new party in place of a mistakenly-named party did not qualify as a "mistake", the court found that it was unnecessary to address whether the newly named defendants were properly noticed and effectuated with service under Rule 4(m). Id. at 368. (citing Leonard v. Parry, 219 F.3d 25, 28 (1st Cir. 2000)(noting that each of the Rule 15(c)(3) elements must be satisfied before an amendment will relate back)).

16

Plaintiff's attempt to add Intergrator cannot be characterized as a "mere slip of the pen." Locklear, 457 F.3d at 366. (citing Rendall-Speranza v. Nassim, 107 F.3d 913 (D.C.Cir. 1997)). Rather, Plaintiff, by his own admission, lacked knowledge of Defendant's identity and involvement in the installation of the lock system at BCDC when he filed the Complaint and First Amended Complaint. In fact, Plaintiff did not learn of Defendant's identity or the fact that Defendant was contracted to install the lock system until August 26, 2006, upon receipt of answers to interrogatories provided by Coastal Empire Fire & Security, Inc. This being the case, both Locklear v. Bergman & Beving AB and Western Contracting Corp. v. Bechtel Corp. foreclose Plaintiff's attempt to substitute Intergrator for "Defendant John Doe Two (Computer System/Fire Alarm System Installation Contractor)" in his Second Amended Complaint because it does not constitute a "mistake" as contemplated by Rule 15(c)(3)(B). Intergrator was simply brought into the action past the limitations period and appears to be entitled to summary judgement on that basis.

**NAMED DEFENDANT JAIL DOCTOR TONY BUSH(FORMERLY JOHN DOE THREE)**

The Federal Rules of Civil Procedure require a plaintiff to fire proof of service of a defendant pursuant to Rule 4(l); however, as of the date of this Report and Recommendation, the plaintiff has not filed such as to former John Doe Three, the

17

jail doctor Tony Bush. Pursuant to Fed.R.Civ.P. 4(m), service of the summons and complaint must be effected within 120 days after the filing of the complaint. No such proof of service has been filed by the plaintiff. Since the plaintiff failed to comply with such time limitation, the court may on its own initiative dismiss the action after notice to the plaintiff. See Fed.R.Civ.P. 4(m). Plaintiff was given notice by Order of the Honorable R. Bryan Harwell, United States District Judge, on October 11, 2006, and again on December 4, 2006. Therefore, it is further recommended that Dr. Tony Bush be dismissed without prejudice.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that Defendant Integrator be granted summary judgment, that Defendant Dr. Tony Bush be dismissed without prejudice, that all other motions be denied as moot, and the action ended.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

December 21, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).