UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOSEPH GRAYSON WARD, | Civil Action No.: 2:04-cv-792-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| TONY BUSH, Jail Doctor; INTEGRATOR; SILENT KNIGHT COMPANY; COASTAL EMPIRE FIRE AND SECURITY, INC. | |
| Defendants. | |

Pending before the court are: 1) Defendant Integrator's [Docket Entry #102] motion to dismiss, or in the alternative for summary judgment; and 2) Plaintiff's [Docket Entry #109] Motion for Rule 56(f) Continuance. These motions are before the court with the Report and Recommendation [Docket Entry #112] of Magistrate Judge Robert S. Carr filed on December 21, 2006.

Plaintiff, proceeding *pro se*, brought this negligence action against a number of defendants for injuries he allegedly suffered while he was incarcerated as a pretrial detainee at the Beaufort County Detention Center. Plaintiff alleges that his hearing was damaged as a result of being exposed to loud noises from the testing of a new computer system that controlled the fire alarm system. Plaintiff's claims against all but two defendants have been dismissed. The remaining defendants are Integrator[1] and Tony Bush.

The Magistrate Judge recommended that summary judgment be granted in favor of Defendant Integrator. The Magistrate Judge further recommended that Tony Bush be dismissed

---

[1] Defendant Integrator notes that its correct name is Stanley Security Solutions, Inc.

without prejudice and that all other motions be denied as moot. On January 8, 2007, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

With regard to Defendant Integrator, the Magistrate Judge recommended that Integrator, who was not joined as a party to this lawsuit until September 29, 2006, was entitled to summary judgment because the statute of limitations expired as to all defendants, including Integrator, no later than July 18, 2005. The Magistrate Judge further concluded that the amended complaint which added Integrator as a defendant did not relate back to the original filing date of the lawsuit under Rule 15(c)(3) of the Federal Rules of Civil Procedure.

The Magistrate Judge found that the Plaintiff's lack of knowledge as to the identity of Integrator did not constitute a "mistake" under Rule 15(c)(3)(B) because a lack of knowledge of the correct defendant does not qualify as a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B). *See Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196 (4th Cir. 1989).  Plaintiff argues in his objections that he visually identified Integrator's agent during the installation and/or testing of the computer system. Plaintiff further argues that he received "affirmative misinformation" from a previous defendant during discovery.  Plaintiff contends that these facts constitute "mistake" within the meaning of Rule 15(c)(3)(B).   Regardless of whether Plaintiff's lack of knowledge of Integrator as a proper party qualifies as a "mistake" within the meaning of Rule 15(c)(3)(B), Plaintiff has not satisfied the other requirements for relation back of amendments under Rule 15(c)(3). Specifically, Plaintiff has made no showing that: 1) Integrator received notice of the institution of the action within the time period prescribed for service under Rule 4(m); and 2) Integrator knew or should have known that, but for Plaintiff's mistake concerning the identity of the proper party, the action would have been brought against Integrator.  Accordingly, in addition to the reasons set forth by the Magistrate Judge, the Plaintiff's amendment to his complaint adding Integrator as a defendant does not relate back to the original filing of the complaint. As such, Plaintiff's claims against Integrator are barred by the three (3) year statute of limitations applicable to this case.

Plaintiff argues in his objections that before summary judgment is granted in favor of Integrator he should be permitted to conduct discovery on the issue of whether the affidavit of Kara J. Dean, an assistant secretary for Stanley Security Solutions, Inc., accurately reflects the

position of the principals of Integrator with respect to their knowledge of this action prior to service. In light of the well-reasoned recommendations of the Magistrate Judge, the court finds that permitting the Plaintiff to conduct discovery on this issue would serve no useful purpose and would simply prolong the inevitable, summary judgment in favor of Integrator.

As to Defendant Bush, the Magistrate Judge recommended that Defendant Bush be dismissed without prejudice from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." On October 11, 2006 and December 4, 2006, the Plaintiff was provided notice by Order of this court of the requirements of Rule 4(m) and the consequences if service was not effected on Defendant Bush. The Plaintiff did not object to the portion of the Magistrate Judge's Report and Recommendation that recommended dismissing the case against Defendant Bush without prejudice pursuant to Rule 4(m). For those reasons, the court finds that Defendant Bush should be dismissed from this lawsuit without prejudice.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.

## **Conclusion**

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant Integrator's [Docket Entry #102] motion to dismiss, or in the

alternative for summary judgment is **GRANTED**; Plaintiff's [Docket Entry #109] Motion for Rule 56(f) Continuance is deemed **MOOT**; and Defendant Bush is **DISMISSED without prejudice** from this case for failure to timely effect service under Rule 4(m).  This case is hereby **DISMISSED with prejudice** as to all defendants except Defendant Bush.

May 17, 2007                                                                  s/ R. Bryan Harwell
Florence, South Carolina                                             R. Bryan Harwell
                                                                              United States District Judge